UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO MCCLAIN,

               Plaintiff,

    v.

NINA BURGENT,

               Defendant.

CASE NO. 2:25-cv-02004-TL

ORDER OF DISMISSAL WITH LEAVE TO AMEND

This case arises from Plaintiff Antonio McClain's claims regarding alleged medical malpractice by Defendant Nina Burgent at the Washington State Department of Corrections ("DOC"), as well a claim that he was sexually assaulted by a nurse at DOC. Dkt. No. 5 at 8–9 (Complaint). This matter is before the Court on its own motion. Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff fails to state a claim upon which relief may be granted and therefore DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint with leave to file an amended complaint.

ORDER OF DISMISSAL WITH LEAVE TO AMEND – 1

## I.    BACKGROUND

On October 8, 2025, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. Plaintiff's application for IFP status was granted, but U.S. Magistrate Judge Brian A. Tsuchida recommended review under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 4. Plaintiff's complaint was subsequently filed on the docket. Dkt. No. 5.

## II.    LEGAL STANDARD

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if the IFP Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must provide sufficient factual details in the complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff proceeds *pro se* (without an attorney), courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply essential elements of the [*pro se*] claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019)

ORDER OF DISMISSAL WITH LEAVE TO AMEND – 2

("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

### III.    DISCUSSION

Here, Plaintiff's Complaint lacks sufficient factual detail to plausibly state a claim. Plaintiff asserts federal question jurisdiction under 42 U.S.C. § 1983, which allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Specifically, Plaintiff asserts violations under the First, Fifth, Eighth, and Fourteenth Amendments. Dkt. No. 5 at 6. The Court will address each of Plaintiff's claims in turn.

First, Plaintiff claims that Defendant committed medical malpractice. *Id*. Plaintiff claims Defendant did this by offering him antipsychotic medications, to which he explained to her he "takes melatonin at night and high blood pressure medication also." *Id*. In response to that, Plaintiff asserts that the nurse "ran away." *Id*. Plaintiff makes no other claims as to how the Defendant committed medical malpractice, nor does he elaborate on how this set of facts is a violation of his First, Fifth, Eighth, or Fourteenth Amendment rights. *See generally* Dkt. No. 5. To state a plausible claim for relief in federal court, a Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). There is no reasonable inference that could be drawn here that Defendant committed medical malpractice by offering medication that Plaintiff declined to take. Further, without additional facts provided to the Court, the Court cannot draw an inference that Plaintiff's First, Fifth, Eighth, or Fourteenth Amendments were violated.

Second, Plaintiff's complaint makes assertions about Defendant's failure to give him a pin number for his Securus telephone account. Dkt. No. 5 at 8. He asserts that he "was supposed

ORDER OF DISMISSAL WITH LEAVE TO AMEND – 3

to be issued a pin number for Securus telephone calls which [were] not provided [to] him." *Id*. He later states that he tried to talk to Defendant several times to request a pin number, but she "ran away". *Id*. Plaintiff further asserts that he "talked with Case Manager Boykin who said [Plaintiff] would be leaving to [sic] the community, but no pin number for the telephone was ever issued." *Id*.

At no point does Plaintiff's complaint explain why Defendant—a nurse at DOC—is expected to provide Plaintiff a pin number for his Securus account, nor how that violates his First, Fifth, Eighth, or Fourteenth Amendment rights. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Here, the Court uses its common sense to conclude that a nurse's primary job is to provide medical services, not to assist their patient with non-medically related technology or administrative assistance. Further, Plaintiff does not tie the allegations to the question of why it would be a violation of his First, Fifth, Eighth, or Fourteenth Amendments.

Plaintiff's complaint also alleges he was "raped by a female nurse[.]" *Id*. at 9. Plaintiff asserts this in section five of his complaint, in which the prompt requests information on any injuries sustained as a result of the alleged violations. *Id*. However, Plaintiff does not include any information about the alleged sexual assault in section four of the complaint, in which the prompt requests information on the facts of the claims alleged. *See id*. at 8. As a result, Plaintiff does not provide any details—like when it occurred, where it occurred, or by whom—as to the alleged sexual assault. *See generally* Dkt. No. 5. Further, the context of his assertion, which is separate from the factual allegations that name Defendant, makes it unclear if the perpetrator of the alleged sexual assault is the Defendant, or a different nurse. Plaintiff also does not address his overarching claim of First, Fifth, Eighth, and Fourteenth Amendment violations in relation to the

ORDER OF DISMISSAL WITH LEAVE TO AMEND – 4

sexual assault claim. Even construing Plaintiff's complaint liberally, a one sentence assertion without providing supporting details or what rights were violated leaves the Court without enough information to make a reasonable inference that a violation occurred.

Lastly, while Plaintiff has alleged violations of his First, Fifth, Eighth, and/or Fourteenth Amendments, he does not explain what facts demonstrate any of his rights under these amendments was violated. The First Amendment guarantees freedoms concerning religion, speech, and assembly. U.S. Const. Amend. I. The Fifth Amendment guarantees the right to a grand jury, forbids "double jeopardy," and protects against self-incrimination in addition to requiring that "due process of law" be part of any proceeding that denies a citizen "life, liberty or property." U.S. Const. Amend. V. The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. Amend. VIII. Most relevant here, "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citation omitted). A prison official violates the Eighth Amendment when: (1) their act or omission denies the minimal civilized measures of life's necessities; and (2) the official shows deliberate indifference to the health or safety of the incarcerated individual. *Id*. at 834. Finally, the Fourteenth Amendment guarantees the right to due process. U.S. Const. Amend. XIV. But the facts Plaintiff includes in his complaint do not appear to involve any of these rights in any way.

The Court, therefore, FINDS that Plaintiff fails to state a plausible claim for relief under 42 U.S.C. § 1983. For this reason, the Court must dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Courts will typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal unless amendment would be futile because no set of facts can cure the deficiencies. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). Therefore, the Court will allow Plaintiff the opportunity to file an Amended Complaint. However, the Court cautions

Plaintiff that his Amended Complaint must conform to the minimum requirements of Federal Rule of Civil Procedure 8(a). This means that Plaintiff's Amended Complaint must include a *short and plain statement* of the grounds for the Court's jurisdiction, a *short and plain statement* of the claim showing that he is entitled to relief (and entitled to relief specifically under each Constitutional amendment he claims was violated), and a demand for the relief sought. Fed. R. Civ. P. 8(a). All three of these requirements must be met. The Court strongly urges Plaintiff to review the resources for *pro se* litigants available at https://www.wawd.uscourts.gov/representing-yourself-pro-se.

###                              IV.    CONCLUSION

Accordingly, this case is DISMISSED WITHOUT PREJUDICE. However, the Court GRANTS Plaintiff leave to amend his Complaint within **thirty (30) days** of this Order. Therefore, any amended complaint is due by February 19, 2026.  **If an amended complaint is not filed by February 19, 2026, this case will be dismissed.**

Dated this 20th day of January, 2026.

Tana Lin
United States District Judge

ORDER OF DISMISSAL WITH LEAVE TO AMEND – 6